The STATE of Ohio, Appellee,

v.

MOSLEY, Appellant.

[Cite as *State v. Mosley*, 166 Ohio App.3d 71, 2006-Ohio-1756.]

Court of Appeals of Ohio,
Fifth District, Delaware County.

No. 05-CA-A-05027.

Decided April 4, 2006.

David A. Yost, Delaware County Prosecuting Attorney, for appellee.

O. Ross Long, for appellant.

GWIN, Presiding Judge.

{¶ 1} Appellant, Julius W. Mosley, appeals the imposition by the Delaware County Court of Common Pleas of mandatory three-year sentences upon two firearm specifications pursuant to R.C. 2941.145 upon his conviction of one count of theft of a firearm, a felony of the third degree, in violation of R.C. 2913.02(A)(1), and one count of having weapons while under disability, a felony of the third degree, in violation of R.C. 2923.13. Appellee is the state of Ohio.

{¶ 2} On February 11, 2005, the Delaware County Grand Jury returned an eight-count indictment against appellant, arising from an incident that occurred on October 29, 2004. Count one of the indictment charged appellant with theft of a firearm, a felony of the third degree, and further contained a specification pursuant to R.C. 2941.145 that appellant had a firearm on or about his person when he committed the offense and that he "brandished the firearm, indicated that he possessed the firearm, or used it to facilitate the offense."

{¶ 3} Counts two, three, four, and five of the indictment charged appellant with robbery or aggravated robbery, once again alleging a firearm specification in accordance with R.C. 2941.145.

{¶ 4} Count six of the indictment charged appellant with having a weapon while under disability in violation of R.C. 2923.13(A)(3), a felony of the third degree. This count also contained a specification in accordance with R.C. 2941.145, identical to the specification alleged in count one of the indictment.

{¶ 5} Finally, counts seven and eight of the indictment charged appellant with aggravated menacing, a misdemeanor of the first degree.

{¶ 6} Appellant's case proceeded to a jury trial. During trial, the following facts were established.

{¶ 7} On the evening of October 29, 2004, a group of people had gathered at the Cedar Court Apartment Complex, located on London Road in Delaware, Ohio. At some point in the evening, Nathaniel Davis arrived, carrying a High Point .380–caliber handgun in a holster strapped to his side. Davis testified that he had just purchased the gun the day before for personal safety reasons and that on the night in question, it was loaded but had no rounds in the chamber.

{¶ 8} A short time later, appellant arrived with a juvenile female, Nakita Richmond, and two other people. Appellant and his friends came into contact with Davis. At this point, the testimony of Davis and appellant differ.

{¶ 9} Davis claims that he then showed the gun to Nakita, who gave the weapon back to Davis. Davis claims that at that point, appellant asked to see the

weapon; Davis refused to show appellant the gun. Davis testified that appellant, who was standing behind him, took the pistol out of Davis's holster.

{¶ 10} Davis testified that after appellant took the gun, appellant started saying that there was a conspiracy and that he thought the people gathered there were going to kill him. At that point, Davis repeatedly asked appellant to return the gun. Appellant refused to give the gun back. Davis testified that appellant loaded a round into the chamber of the gun. Appellant waved the gun and said he was leaving, taking the gun. Appellant kept going with the gun, and the gun was never returned to Davis.

{¶ 11} Brandy Newman testified that appellant took the pistol and refused to give it back. She further testified that appellant pointed the gun at several individuals.

{¶ 12} Robert Hammond testified that appellant pointed the gun at him.

{¶ 13} Appellant testified that he had grown up on the east side of Columbus, Ohio, which was a fairly rough neighborhood, and that he had seen several people shot. Appellant also testified that he had been convicted of receiving stolen property in 1998, as well as carrying a concealed weapon and possession of cocaine.

{¶ 14} On the evening in question, appellant went to the Cedar Court Apartment Complex with Nakita Richmond, Brandy Newman, Bryan Paine, Marcus, and Christy. He testified that upon his arrival, he went upstairs to Newman's apartment and spent approximately a half hour to 45 minutes there. At some point, Newman came down and asked the others whether they wanted to go to apartment number 36, which they did. They went upstairs to the apartment and were hanging out there when somebody told appellant that he needed to be quiet. This individual was yelling at appellant, and appellant then noticed Davis, who had a gun on his hip. Nakita then asked to see the gun, and Davis gave her the gun. Appellant testified that he was scared when the gun came out of the holster because of his prior experiences. Appellant testified that he then took the gun, checked to see whether there was a bullet in the chamber, and then put the gun in his pocket. Appellant testified that he did not give the gun back because he did not know what Davis was trying to do. Additionally, he noticed Hammond acting like he was hiding something behind his back. Hammond showed appellant his hands to prove he was not hiding anything. Appellant testified that at that point, he left with the gun. He eventually threw the gun away.

{¶ 15} Appellant was found guilty of count one, theft of a firearm, and of the specification. The jury specifically found that he had "indicated that he possessed the firearm." Appellant was also found guilty of count six of the indictment, having a weapon while under disability. The jury also found appel-

lant guilty of the firearm specification because he had "indicated that he possessed the firearm." Appellant was either found not guilty of the remaining charges or the charges were dismissed prior to submission to the jury.

{¶ 16} The trial court subsequently sentenced appellant to two years on the theft-of-firearm charge and additionally imposed a mandatory three-year sentence in accordance with the firearm specification, to be served consecutively and prior to the two-year sentence for count one. The court also sentenced appellant to two years for having a weapon while under disability, to be served consecutively to the sentence imposed for count one. The court also imposed an additional three-year gun specification, to be served concurrently with the gun specification in count one.

{¶ 17} The aggregate sentence was seven years.

{¶ 18} Appellant timely filed his notice of appeal and has set forth the following assignments of error:

{¶ 19} "I. The trial court erred when it imposed an additional three year prison sentence on appellant in accordance with R.C. 2941.145 in addition to the two year prison sentence which the court imposed on the appellant for the underlying offense of theft of a weapon in violation of R.C. 2913.02(a)(1).

{¶ 20} "II. The trial court erred when it imposed an additional three year prison sentence on appellant in accordance with R.C. 2941.145 in addition to the two year prison sentence which the court imposed on the appellant for the underlying offense of having a firearm while under disability in violation of R.C. 2923.13(a)(3)."

I

{¶ 21} In his first assignment of error, appellant maintains that the trial court erred in sentencing him to an additional three years for the firearm specification on count one of the indictment, theft of a firearm, because possession of a firearm is an element of both the offense and the specification. We disagree.

{¶ 22} The R.C. 2941.145 specification requires that in order to be found guilty, the offender must do more than merely possess a firearm. He must be found to have displayed the firearm, brandished it, indicated that he possessed it, or used it to facilitate the offense.

{¶ 23} In *Missouri v. Hunter* (1983), 459 U.S. 359, 103 S.Ct. 673, 74 L.Ed.2d 535, the United States Supreme Court held:

{¶ 24} "With respect to cumulative sentences imposed in a single trial, the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended.

{¶ 25} "Simply because two criminal statutes may be construed to proscribe the same conduct under the *Blockburger* test does not mean that the Double Jeopardy Clause precludes the imposition, in a single trial, of cumulative punishments pursuant to those statutes. *Whalen v. United States,* 445 U.S. 684, 100 S.Ct. 1432, 63 L.Ed.2d 715; *Albernaz v. United States,* 450 U.S. 333, 101 S.Ct. 1137, 67 L.Ed.2d 275. The rule of statutory construction whereby cumulative punishments are not permitted 'in the absence of a clear indication of contrary legislative intent,' *Whalen, supra,* 445 U.S. at 692, 100 S.Ct. at 1438, 63 L.Ed.2d 715, is not a constitutional rule requiring courts to negate clearly expressed legislative intent. Accordingly, *where, as here, a legislature specifically authorizes cumulative punishment under two statutes, regardless of whether those statutes proscribe the 'same' conduct under Blockburger, a court's task of statutory construction is at an end and the prosecutor may seek and the trial court or jury may impose cumulative punishment under such statutes in a single trial."* (Emphasis added.) *Hunter,* 459 U.S. at 368–369, 103 S.Ct. 673, 74 L.Ed.2d 535.

{¶ 26} The terms of R.C. 2941.145 manifest the General Assembly's intent to create a penalty for conviction of a firearm specification additional to that provided for an applicable underlying felony, including theft of a firearm, when the offender "displayed" the firearm, "brandished" it, "indicated that [he] possessed" it, "or used it to facilitate the offense." In the case at bar, the jury specifically found that appellant not only possessed the firearm but also that appellant "indicated that he possessed the firearm." Appellant does not challenge the jury's finding on this issue.

{¶ 27} Accordingly, appellant's first assignment of error is overruled.

II

{¶ 28} In his second assignment of error, appellant maintains that the trial court erred by sentencing him to an additional three years on the firearm specification in addition to the offense of having a weapon while under disability. We agree.

{¶ 29} At the outset, we note that the trial court ordered that the firearm specification with respect to the charge of having a weapon while under a disability was to be served concurrently with the firearm specification with respect to the offense of theft of a firearm.

{¶ 30} R.C. 2929.14(D)(1)(a)(ii) provides that the court shall impose an additional prison term of three years for a firearm specification as described in R.C. 2941.145. However, the firearm specification applies only to the offense of having a weapon while under disability in a limited situation. Specifically, 2929.14(D)(1)(e) provides:

{¶ 31} "(e) * * * The court shall not impose any of the prison terms described in division (D)(1)(a) of this section or any of the additional prison terms described in division (D)(1)(c) of this section upon an offender for a violation of section 2923.13 of the Revised Code [Having weapons while under disability] unless all of the following apply:

{¶ 32} "(i) The offender previously has been convicted of aggravated murder, murder, or any felony of the first or second degree.

{¶ 33} "(ii) Less than five years have passed since the offender was released from prison or post-release control, whichever is later, for the prior offense."

{¶ 34} Although there was some discussion of appellant's prior record by the trial court, the record does not contain any evidence that appellant has been convicted of aggravated murder, murder, or any felony of the first or second degree or that fewer than five years have passed since he was released from prison or postrelease control for a prior offense. Accordingly, the trial court was without authority to sentence appellant with respect to the firearm specification on count six of the indictment.

{¶ 35} We therefore vacate appellant's three-year sentence for the firearm specification on count six of the indictment, having a weapon while under disability.

{¶ 36} For the foregoing reasons, the judgment of the Delaware County Court of Common Pleas is affirmed in part and vacated in part.

Judgment affirmed in part
and vacated in part.

EDWARDS and BOGGINS, JJ., concur.